# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Mark Falk |
| v. | : | Magistrate No. 18-3534 (MF) |
| JOSE ALBERTO OCHOA-PEREZ, a/k/a "Jose Ochoa," a/k/a "Jose Perez" | : | **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
March 5, 2018 Newark, New Jersey

_____
Signature of Judicial Officer

HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On or about February 27, 2018, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

JOSE ALBERTO OCHOA-PEREZ,
a/k/a "Jose Ochoa,"
a/k/a "Jose Perez,"

being an alien, and on or about March 17, 2008, having been convicted in the Superior Court of New Jersey, Monmouth County, for conspiracy to commit possession of a controlled dangerous substance and/or possession of a controlled dangerous substance with intent to distribute and/or distribution of a controlled dangerous substance, namely cocaine, in violation of Sections 2C:5-2, 2C:35-10(a), and 2C:35-5(b), of the New Jersey Code of Criminal Justice, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## **ATTACHMENT B**

     I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

     1. The defendant, JOSE ALBERTO OCHOA-PEREZ, a/k/a "Jose Ochoa," a/k/a "Jose Perez," (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

     2. On or about March 17, 2008, the Defendant pled guilty in the Superior Court of New Jersey, Monmouth County, to Conspiracy to Commit Possession of a CDS and/or Possession of a CDS with Intent to Distribute and/or Distribution of a CDS, namely cocaine, in the second degree, in violation of Sections 2C:5-2, 2C:35-10(a), and 2C:35-5(b), respectively, of the New Jersey Code of Criminal Conduct, and was subsequently sentenced on this charge to 5 years of imprisonment, the circumstances of which offense constitute a felony.

     3. Thereafter, on or about October 18, 2010, the Defendant was ordered removed from the United States to Mexico by an Immigration Judge sitting in Newark, New Jersey.

     4. On or about October 29, 2010, the Defendant was deported and removed from the United States to Mexico and had departed the United States while an order of deportation and removal was outstanding. Shortly before the Defendant's removal from the United States in 2010, an official from ICE took the Defendant's fingerprint.

     5. At some point after his 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

     6. On or about February 27, 2018, the Defendant was arrested in Asbury Park, New Jersey by law enforcement officers.

     7. A fingerprint taken from the Defendant from his deportation records for the October 29, 2010 removal was compared to the Defendant's fingerprint that was taken on or about February 27, 2018. Both the fingerprints were found to be identical.

8. Prior to the Defendant's re-entry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.